DAN McCALL V. THE STATE.

No. 23915. Delivered February 25, 1948.

*Lincoln, Kennedy & Glover*, of Texarkana, for appellant.

*Maxwell Welch*, District Attorney, of New Boston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of knowingly receiving and concealing stolen property, and given a term of two years in the state prison.

The testimony shows that someone took a Chevrolet automobile belonging to Joseph Fertitta of Beaumont, Texas, on January 11, 1947, from his possession without his consent, the market value thereof being around $1,200.00 or $1,500.00. This car was later recovered by Mr. Fertitta at which time the engine number bore evidence of having been changed. In January, 1947, Virgil Shirley traded for this car with appellant, giving in exchange therefor a Plymouth car and $750.00, the engine number having been changed prior to the car coming into possession of Mr. Shirley. It became the duty of appellant to furnish proper certificate of title to this car and transfer thereof to Shirley before the same could be registered in Bowie County. A certificate of title was furnished by the person who traded the car to appellant showing transfer of a car by Mabel Cottrell to one, Frank Miller, such certificate evidencing the fact that Mabel Cottrell and Loumen Cottrell were joint owners of the car represented by such certificate. Upon the presentation of Mabel Cottrell's signature on such certificate, it then became necessary to present an affidavit of heirship showing the heirs of Loumen Cottrell, deceased. This certificate was made in Detroit, Michigan, and showed the same number as the changed number of the Fertitta car. On January, 16, 1947, Mr. McCall again appeared before the authorities in Bowie County with an affidavit signed "Mabel Cottrell" showing that she was the sole heir of Loumen Cottrell, deceased, and that the stolen car was registered in Mr. Shirley's name. This latter affidavit was evidently a forgery, it being shown by the records of the State of Michigan that Mabel Cottrell died on November 16, 1946, two months prior to the time she was supposed to have signed the proof of heirship. It also appears from the evidence that Loumen Cottrell died while he and Mabel were on a trip in the State of Arkansas and that she sold the automobile represented in this certificate of title to one, Frank Miller, of Arkansas, and that he later sold this car to a Mr. Fred Inmon, and did not sell such car to Virgil Shirley as was evidenced

by a bill of sale used by appellant in obtaining registration of this stolen car in Shirley's name.

We, therefore, see from the proof that the car in question had been stolen, the numbers on the engine had been changed, the title thereto forged, and the affidavit of heirship shown to be a forgery, and all these instruments being in the hands of and used by appellant in the transfer of this automobile in his possession. According to the record, appellant was in possession of stolen property, the crucial point herein being relative to whether he received and concealed the same, knowing the same to have been stolen.

It is also shown from the evidence that appellant gave a car called a "Carry-all", presumably worth $1,000.00, and $700.00 for the car later sold to Shirley, his dealings relative to this car being had with one, Johnnie Thompson, a car dealer, and the man who represented himself to be the owner of the stolen car.

The court instructed the jury on the law of circumstantial evidence and emphasized the fact therein that "if in consideration of the evidence any fact necessary to the guilt of defendant is as consistent with innocence as with guilt, or if you have a reasonable doubt thereof, you should acquit the defendant."

Appellant testified that he bought the car from Thompson in good faith and paid a fair price therefor; that he knew nothing of these forgeries but was furnished same by Thompson, whose duty it was to furnish title thereto.

Undoubtedly appellant was dealing with a stolen car and all matters relating to the title seem to have been unlawful. However, the State has failed to show knowledge upon his part of the unlawful transactions or any participation in any of their unlawfulness. The proof offered is as consistent with his innocence as with that of his guilt, and the careful trial court instructed the jury to acquit him if they so found and that any reasonable doubt thereof should inure to appellant's benefit. This record does not lead on the whole to a satisfactory conclusion and produce in effect a reasonable and moral certainty that the appellant knew that the automobile that he sold to Mr. Shirley was a stolen car.

There are many bills of exception found in the record com-

plaining of matters which may doubtless not occur again in the event of a further trial.

Because of the failure of the proof to show guilty knowledge upon the part of appellant of the stolen character of the automobile in question, the judgment is reversed and the cause remanded.